UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL CORTEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| VS. ) | SA-06-CR-238-XR |
| ) | SA-09-CV-461 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed June 18, 2009 (docket no. 34) and Plaintiff's objections thereto (docket no. 38). After careful consideration, the Court will accept the recommendation and dismiss this case.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general

1

in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

On September 14, 2006, Cortez pled guilty to Count One of an indictment that charged him with possession with intent to distribute methamphetamine. He was warned both verbally and in his plea agreement that he could receive a punishment of ten years to life imprisonment. On January 11, 2007, his counsel filed on his behalf a motion to withdraw the plea agreement, but not the guilty plea. He asserted that he no longer wished to waive his right to appeal any sentence. On January 12, 2007, Cortez was sentenced to ten years of imprisonment. No appeal was filed with the court of appeals.

On March 9, 2009, Cortez filed a pro se motion to reduce his sentence arguing that since the crack cocaine guidelines were changed, the base amount used to establish his possession of methamphetamine should be reduced to reflect only the amount of "pure" methamphetamine. The Court denied that motion on March 20, 2009. Cortez later filed two motions to reconsider, which the Court also denied.

On June 8, 2009, Cortez filed his motion to vacate under 28 U.S.C. § 2255. On June 18, the Magistrate Judge recommended that the motion be dismissed because the limitations period under AEDPA have expired. Rather than address the limitations issue, Cortez complains that his counsel was ineffective, failed to file a motion to suppress and his plea was not a knowing, willing and intelligently entered into plea.

Accordingly, for the reasons discussed herein, the Court ACCEPTS the Magistrate Judge's recommendation and DISMISSES this cause.

The movant has also asked this Court for a certificate of appealability and for leave to proceed in forma pauperis on appeal.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires the movant to demonstrate that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). The district court must either issue a certificate of appealability which issues satisfies the required showing, or must state the reasons why a certificate should not issue. Fed. R. App. P. 22(b). For the reasons explained in this Court's order denying the movant's motion to vacate sentence, a certificate of appealability should not issue in this action. As a result, the Court DENIES the movant's request for a certificate of appealability (included in docket no. 39).

An appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915. Because the Court has already explained why the movant's claims are barred, the Court finds that the movant's appeal is not taken in good faith. In the alternative, movant's claims of ineffective assistance of counsel do not raise a constitutional issue. Further, the record does not support the movant's assertion that his plea was involuntary. As a result, the Court DENIES the movant's request to proceed in forma pauperis (docket entry #40).

SIGNED this 8th day of October, 2009.

```
                    _____
                    XAVIER RODRIGUEZ
                    UNITED STATES DISTRICT JUDGE
```